IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carla A. NEWTON a/k/a Carla A. Moore, a single woman, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | NO. <br><br> **COMPLAINT:** <br><br> **(Federal Tort Claims Act; Medical Negligence)** |

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §1346(b).

2. Plaintiff Carla Newton is now, and at all material times hereto has been, a resident of the State of Arizona. The acts and omissions complained of occurred in or around Phoenix, Arizona, in the District of Arizona.

3. Defendant United States of America operates a health care system in Phoenix, Arizona known as the Phoenix VA Health Care System. Defendant staffs that system with various professional health care providers, including primary care physicians and neurologists. Defendant holds its VA Health Care System and its health care providers out as using that degree of care and diligence that would be expected in private health care systems.

4. Anita Nanda, M.D. and Judith Solomon, M.D., upon information and belief, are two of the professional health care providers employed by defendant in its Phoenix VA Health Care System and, at all times material hereto, were acting in the course and scope of their employment by defendant. Dr. Nanda is a primary care physician while Dr. Solomon is a neurologist.

5. At all material times hereto, a physician-patient relationship existed between plaintiff and Drs. Nanda and Solomon as well as other physicians at the Phoenix VA Health Care System facilities. Drs. Nanda and Solomon as well as the other physicians were required to treat plaintiff in accordance with the standard of care applicable to physicians in their specialties in the same or similar circumstances.

6. Beginning in 2006, plaintiff began complaining of pain in her back, shoulder and neck. In 2009, Dr. Nanda became plaintiff's primary care physician and she began to report to Dr. Nanda her continuing problems with her back, shoulder and neck. She also reported her concerns and pain to other health care providers employed by defendant at its Phoenix VA campus. The problems in plaintiff's back and shoulder continued and progressed to include muscle spasms, tremors, numbness and weakness. Plaintiff's symptoms were such that the standard of care for Dr. Nanda and the other health care providers treating plaintiff required she be sent to a neurologist for evaluation no later

than 2009. Plaintiff was not sent to a neurologist until October of 2014, when she first saw Dr. Solomon.

7. An MRI was performed on October 31, 2014 which showed the presence of a cyst which was compressing plaintiff's spinal cord. The standard of care required Dr. Solomon and the VA to promptly refer plaintiff to a neurosurgeon for surgical decompression of her spinal cord. In a breach of that obligation plaintiff was not promptly referred to a neurosurgeon and was not seen by one until she suffered a medical emergency in March of 2015. On March 12, 2015 plaintiff underwent surgical decompression of her spinal cord.

8. As a direct and proximate result of the years-long delay in decompressing her spinal cord, plaintiff did not make the full recovery she would have made had the decompression be performed in a timely fashion. She has a permanent injury due to prolonged spinal cord compression, including but not limited to clonus, balance issues, myelopathy, hyperreflexia, spastic paraparesis, muscle weakness, atrophy and pain.

9. During her recovery a catheter was left in her so long that she developed a permanent genitourinary injury. The standard of care required that the catheter be removed in a timely fashion but it was not.

10. Plaintiff has undergone many medical procedures and will undoubtedly

undergo many more in the future. Some of her future medical procedures may not be performed or paid for by defendant and plaintiff is entitled to damages for her future medical expenses.

11. As a direct and proximate result of the breaches of the standard of care described above, plaintiff has been unable to work. She is entitled to damages for her past loss of wages as well as for her loss of future wages and her loss of earning capacity.

12. On October 11, 2016, plaintiff submitted a claim based on these allegations of medical negligence to the Department of Veteran's Affairs. On April 11, 2017, defendant's Department of Veteran's Affairs rejected the claim.

13. This complaint is timely filed.

## COUNT I
(Medical Negligence)

14. Plaintiff realleges the allegations of Paragraphs 1-13 as though the same were fully set forth herein.

15. Defendant, through its agents and employees at the Phoenix VA Health Care System, fell below the applicable standard of care in its treatment of plaintiff.

16. As a direct and proximate cause of the breaches of the standard of care by defendant's agents and employees, plaintiff has been permanently injured.

WHEREFORE, plaintiff respectfully requests the Court to enter judgment in her favor and against defendant as follows:

1. For fair and reasonable compensatory damages in the amount of $10,000,000.00.
2. For her costs of suit incurred herein.
3. For such further relief as the Court deems just and proper.

SANDWEG & AGER

By /s/ William H. Sandweg III
William H. Sandweg III
John P. Ager
1221 N. Osborn Rd.
Suite 100
Phoenix, Arizona 85014
Attorneys for Plaintiff